```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

KEVIN POTTER,                   :
                                :       Civil Action No. 08-5990 (RMB)
            Plaintiff,          :
                                :
        v.                      :       **MEMORANDUM AND ORDER**
                                :
EILEEN SORANTINO, et al         :
                                :
            Defendants.         :

This matter comes before the Court upon Defendants James R. Swift's and Thomas E. Lenahan, Jr.'s (the "Defendants") motions to dismiss the Complaint filed by Plaintiff Kevin Potter (the "Plaintiff"), appearing pro se. In sum, Defendants contend that (1) Plaintiff's ERISA claim fails to state a claim and should be dismissed under Fed. R. Civ. P. 12(b)(6), and (2) Plaintiff has failed to allege diversity jurisdiction properly. Plaintiff has failed to file any opposition.

**I.  Dismissal of ERISA Claim Pursuant to Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965,

167 L. Ed. 2d 929 (2007)(internal citations omitted). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (internal citations omitted).

A district court must accept any and all reasonable inferences derived from those facts. Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990). Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. Only the allegations in the

complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

Here, Plaintiff repeatedly cites "IRISA" in his Complaint but fails to allege any facts to support his ERISA claim. As stated above, to survive dismissal under 12(b)(6), the Complaint must contain more than "labels and conclusions[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2002). Accordingly, Plaintiff's ERISA claim, as currently pled, fails to state a claim and should be dismissed.

**II.  Jurisdiction**

Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) as well as 28 U.S.C. § 1332 (diversity). Federal jurisdiction under § 1331 is based solely on Plaintiff's ERISA claim, as that is the only claim that involves a federal question. However, as stated above, the Court is inclined to dismiss this claim under Rule 12(b)(6). Once the claims over which a district court has original jurisdiction have been dismissed, a court may decline to exercise jurisdiction over supplemental state claims unless extraordinary circumstances exist. 28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection

(a) if - (3) the district court has dismissed all claims over which it has original jurisdiction"); see Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (upholding district court's decision to refuse to exercise supplemental jurisdiction over remaining state law claims).  Thus, unless Plaintiff establishes another means of federal "original jurisdiction" (i.e., diversity jurisdiction), this Court may decline to adjudicate Plaintiff's remaining state claims.

For purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the matter in controversy must be between "citizens of different states" and the citizenship of each party must be alleged specifically.  Hodgson v. Bowerbank, 9 U.S. (5 Cranch) 303, 3 L. Ed. 108 (1809).  "[M]ere residency in a state is insufficient for purposes of diversity."  Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (citing Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 24 S. Ct. 696, 48 L. Ed. 1027 (1904)).  In his Complaint, Plaintiff alleges only that he "has been forced [to] reside, out of state" and "is now a resident of ... Florida."  (Compl. ¶6).  This allegation does not suffice for purposes of establishing diversity of citizenship.  Thus, as presently pled, the Complaint fails to properly allege diversity jurisdiction.

**III.   Permission to Amend the Complaint**

The Court had scheduled this matter for oral argument on March 2, 2009.  However, due to inclement weather, the Court was closed.  Still, despite the passage of time, Plaintiff has failed to respond to the within motions.  Perhaps it is the information regarding Plaintiff's alleged lack of candor to this Court (set forth in Defendants' affidavits) that has caused Plaintiff not to respond.  If indeed Plaintiff has been deceptive in his pleadings, the Court will address the issue at the appropriate time.  For present purposes, however, the Complaint fails to properly allege diversity jurisdiction.  Additionally, insofar as Plaintiff relies upon federal question jurisdiction, upon dismissal of Plaintiff's ERISA claim, this Court will decline to exercise supplemental jurisdiction over the remaining state claims.  In sum, the Court may dismiss this action at this time.

Because Plaintiff is <u>pro se</u>, however, the Court will allow Plaintiff time to file an amended Complaint to allege a proper basis for federal jurisdiction.  Specifically, Plaintiff shall have until **March 20, 2009** to file an amended complaint (or responsive pleading) consistent with this Court's Opinion.  Failure to file such pleading will result in the dismissal of this action.  In the event Plaintiff files an amended pleading alleging diversity as the sole basis for this Court's jurisdiction, Defendants may renew their motions to challenge

such jurisdiction.  If such motions are filed, the Court will require Plaintiff, at a time to be set by the Court, to meet his burden of persuasion to demonstrate diversity of citizenship as well as the requisite amount in controversy.

Accordingly, for the foregoing reasons,

IT IS ON THIS **5th** day of **March** 2009, **ORDERED** that Plaintiff shall file an amended complaint on or before March 20, 2009.  In the event Plaintiff fails to file such amended complaint, this matter will be dismissed for lack of subject matter jurisdiction.


s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge